**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Fits Every Body To A T, Inc.,**

**Plaintiff,**

**-against-**

**Skims Body, Inc., et al.**

**Defendants.**

**1:26-cv-02660 (ALC) (SDA)**

**ORDER REGARDING THE DISCOVERY OF ELECTRONICALLY STORED INFORMATION**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Because the parties were unable to reach agreement as to the terms of an Order regarding the discovery of electronically stored information ("ESI"), Plaintiff and Defendants submitted separate versions of such an Order on August 17, 2026. (*See* Pl.'s 8/17/26 Ltr. & Ex. A, ECF Nos. 63 & 63-1; Defs.' 8/17/26 Ltr. & Ex. A, ECF Nos. 62 & 62-1.) The Court has reviewed the parties' versions of the ESI Order, and in its discretion,[1] hereby Orders, as follows:

## SCOPE AND GENERAL PROVISIONS

1. This Order governs the production of documents and ESI by the parties and, to the extent practicable, by non-parties responding to subpoenas issued in this action. Counsel issuing a subpoena shall provide a copy of this Order to the non-party at the time of service.

2. Nothing in this Order alters any party's obligations under the Federal Rules of Civil Procedure, or any objection a party may assert to a particular request for production.

[1] Rule 34 of the Federal Rules of Civil Procedure permits the Court to impose procedures that apply to producing ESI. *See* Fed. R. Civ. P. 34(b)(2)(E).

3. All discovery in this action remains subject to the proportionality standard of Rule 26(b)(1). The parties shall confer in good faith to limit the burden and expense of ESI discovery consistent with that standard.

4. The uniform definitions set forth in Local Civil Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York apply to this Order and to all discovery requests served in this action. The term “document” as used in Local Civil Rule 26.3(c)(2) includes ESI in all of the forms described in this Order.

5. The parties shall meet and confer regarding any issue arising under this Order before seeking relief from the Court.

**PRESERVATION**

6. Each party has taken, and will continue to take, reasonable steps to preserve potentially relevant ESI within its possession, custody or control, including by issuing a written litigation hold to custodians reasonably likely to possess relevant information.

7. The preservation of potentially relevant ESI shall be reasonable and proportionate.

8. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties shall exchange a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, *e.g.*, “HR head,” “scientist,” and “marketing manager.” The parties shall add or remove custodians as reasonably necessary.

9. The parties shall agree on the number of custodians per party for whom ESI will be preserved.

10. The parties shall agree on the data sources that are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will not be preserved.[2]

11. The parties may agree on data from certain sources that could contain relevant information but, under the proportionality factors, should not be preserved.

**SEARCH**

12. In responding to requests for production of documents, pursuant to Rule 34 of the Federal Rules of Civil Procedure, the parties shall meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery. Such methods may include technology assisted review, predictive coding, or similar analytic tools, in place of or in addition to search methods using custodians, search terms and date ranges. Search methodology does not limit a party's obligation to conduct a reasonable inquiry and to produce responsive documents located by other means.

**PRODUCTION FORMATS**

13. Except as otherwise provided in this Order, ESI shall be produced as single-page, Group IV TIFF images at 300 DPI, accompanied by document-level extracted text, a Concordance-format (.DAT) metadata load file, and an Opticon-format (.OPT) image cross-reference load file. Documents shall be produced in a manner that preserves the parent-child relationship among family members.

[2] These data sources may include, for example, deleted or unallocated file fragments; random access memory and other ephemeral data; on-line access data such as temporary internet files, history, cache, and cookies; server, system, or network logs; and data stored solely on disaster recovery backup media that is duplicative of data preserved from active systems.

14. The following categories shall be produced in native format with all metadata, formulas, comments, tracked changes, hidden rows and columns, and embedded content intact:

(a) Spreadsheets and worksheets, including Microsoft Excel, Google Sheets exports, .csv, and .tsv files;

(b) Presentations, including Microsoft PowerPoint, Keynote, and Google Slides exports;

(c) Databases and structured data exports;

(d) Audio, video, and multimedia files;

(e) Design, image, and product development source files, including Adobe Illustrator, Photoshop, InDesign, Figma, and CAD files, with all layers, version history, and embedded metadata intact;

(f) Any other document for which the requesting party makes a reasonable request for native production.

15. Native files shall be produced with a single-page image slipsheet bearing the Bates number and any confidentiality designation, and shall be named using the beginning Bates number. The NativeLink field shall identify the relative path to the produced native file.

16. Document-level extracted text shall be provided for every document, in a separate text file named using the beginning Bates number, delivered in a folder separate from the images and natives, and identified in the TextLink field. Extracted text shall be provided from the native file, not from optical character recognition of the image, except where the document does not contain extractable text.

17. Documents that do not contain extractable text, including scanned documents and image-only files, shall be processed through optical character recognition and produced with the resulting OCR text.

18. Family relationships shall be preserved and produced in full. A party shall not withhold an attachment on responsiveness grounds where the parent is produced, or withhold a parent where an attachment is produced. Non-responsive family members may be produced with a slipsheet only by agreement of the parties.

19. Neither party shall suppress non-inclusive email messages within a thread absent written agreement. A party seeking to use thread suppression shall disclose the methodology in advance and confer with the requesting party.

20. Consistent with the 2006 Advisory Committee Note to Rule 34, no party shall convert ESI from the form in which it is ordinarily maintained into a form that makes it more difficult or burdensome for the requesting party to use the information efficiently in this litigation, including by producing ESI in a form that lacks searchable text or the metadata fields required by this Order.

21. All produced documents shall bear a unique Bates number with a consistent alphanumeric prefix, endorsed on each page image in a location that does not obscure content. Bates numbers shall be sequential within and across production volumes.

22. Documents requiring redaction may be produced as redacted images. The producing party shall provide OCR text for the redacted image and identify the basis for each redaction. A document shall not be withheld in its entirety on the basis that a portion is privileged or otherwise protected. A native file requiring redaction shall be produced in redacted native

form where reasonably practicable; if it is not, the producing party shall confer with the requesting party before producing an imaged substitute.

23. The parties shall meet and confer regarding the format of production of the following:

(a) Information stored in structured databases;

(b) Data produced from messaging and collaboration platforms;

(c) Documents containing hyperlinks;

(d) Foreign language documents;

(e) Documents that are in color;

(f) Hard copy documents; and

(g) Embedded objects.

24. The parties shall meet and confer regarding the production of metadata fields, including date and time fields. Metadata shall be preserved and produced as it existed in the ordinary course of business. No party shall alter, strip or overwrite metadata during collection, processing or production.

25. The parties shall meet and confer regarding deduplication.

26. The parties shall meet and confer regarding the format and timing of privilege logs, as well as the claw back of privileged documents that are inadvertently produced.

**TIMING AND PHASING**

27. Documents shall be produced on a rolling basis as they are reviewed and prepared for production.

28. The parties may agree to phase discovery, beginning with core custodians and data sources and assessing the need for additional collection thereafter.

**MISCELLANEOUS**

29. Pursuant to Rule 29(b) of the Federal Rules of Civil Procedure, the parties may enter into a stipulation regarding the matters addressed in paragraphs 23 through 26 hereof, without further Order of the Court.

30. This Order may be modified by the Court for good cause shown.

**SO ORDERED.**

Dated: New York, New York
August 19, 2026

Stewart d. Aaron
______________________________
STEWART D. AARON
United States Magistrate Judge