**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Fits Every Body To A T, Inc.,**<br>**Plaintiff,**<br>**-against-**<br>**Skims Body, Inc., et al.**<br>**Defendants.** | **1:26-cv-02660 (ALC) (SDA)**<br><br>**OPINION AND ORDER** |

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Pending before the Court is an October 30, 2026 Letter Motion by Plaintiff Fits Every Body To A T, Inc. ("Plaintiff") for reconsideration of the Court's October 16, 2026 Order (10/16/26 Order, ECF No. 88) that granted in part and denied in part Plaintiff's motion for a protective order.[1] (Pl.'s 10/30/26 Ltr. Mot. to MJ Aaron, ECF No. 94.) For the reasons set forth below, Plaintiff's Letter Motion is DENIED, but the deadline for Plaintiff to produce responsive documents is extended to November 12, 2026 to provide Plaintiff an opportunity to seek relief from District Judge Carter.

## BACKGROUND

On July 29, 2026, Defendants served upon Plaintiff interrogatories, requests for admission and requests for production of documents. (*See* Pl.'s 9/28/26 Ltr. Mot., ECF No. 81, at 1.) On September 28, 2026, Plaintiff served responses and objections to such requests. (*See* Defs.' 10/2/26 Ltr., ECF No. 84; *see also* Exs. 1 to 3 to Defs.' 10/2/26 Ltr., ECF Nos. 84-1 to 84-3.) Also on September 28, 2026, Plaintiff filed a Letter Motion, pursuant to Rule 26(c) of the Federal Rules

---

[1] Also on October 30, 2026, Plaintiff filed a Letter Motion addressed to District Judge Carter objecting to the October 16, 2026 Order. (*See* Pl.'s 10/30/26 Ltr. Mot., ECF No. 95.)

of Civil Procedure, with respect to certain of Defendants' interrogatories, requests for admission and document requests. (*See* Pl.'s 9/28/26 Ltr. Mot.) The document requests as to which Plaintiff sought a protective order included requests for documents regarding Plaintiff's financial information, business records, marketing activities, website analytics and commercial history. (*See id*. at 3.) Relying upon *Banff, Ltd. v. Federated Dep't Stores, Inc*., 841 F.2d 486 (2d Cir. 1988), and *A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc*., 237 F.3d 198 (3d Cir. 2000), Plaintiff argued that the foregoing requests were not relevant because this case is a reverse confusion case,[2] and that "[n]one of the *Polaroid*[3] factors requires Plaintiff's financial or business information." (*See id*. at 2.)

On October 16, 2026, the Court held a telephone conference during which it ruled upon Plaintiff's motion for a protective order, reciting its ruling on the record. (*See* 10/16/26 Tr., ECF No. 92.) With respect to Defendants' document requests, the Court relied upon the controlling Second Circuit decision in *RiseandShine Corp. v. PepsiCo, Inc*., 41 F.4th 112, 119 (2d Cir. 2022), which applied the eight *Polaroid* factors in a reverse confusion case. (*See* 10/16/26 Tr. at 11, 20.) Citing *Tribe of Two, LLC v. Tod's S.p.A*., No. 23-CV-03255 (JGLC), 2026 WL 1284226, at *10 (S.D.N.Y. May 11, 2026), which was a reverse confusion case, the Court noted that, with respect

---

[2] "Reverse confusion exists when a subsequent user [here, Defendant] selects a trademark that is likely to cause consumers to believe, erroneously, that the goods marketed by the prior user [here, Plaintiff] are produced by the subsequent user." *Lang v. Retirement Living Publ'g Co., Inc*., 949 F.2d 576, 583 (2d Cir. 1991).

[3] The *Polaroid* factors are an eight-part balancing test used by federal courts in the Second Circuit to determine whether there is a likelihood of confusion between two trademarks under the Lanham Act. *See Polaroid Corp. v. Polarad Electronics Corp*., 287 F.2d 492 (2d Cir. 1961): "[T]he strength of [the plaintiff's] mark, the degree of similarity between the two marks, the proximity of the products, the likelihood that the [plaintiff] will bridge the gap, actual confusion, and the reciprocal of defendant's good faith in adopting its own mark, the quality of defendant's product, and the sophistication of the buyers." *Id*. at 495.

to the first *Polaroid* factor, marketplace strength is determined by analyzing the following factors: advertising expenditures, consumer studies linking the mark to a source, unsolicited media coverage of the product, sales success, attempts to plagiarize the mark and the length and exclusivity of the mark's use. (*See* 10/16/26 Tr. at 11.) Thus, the Court denied Plaintiff's motion for a protective order with respect to Plaintiff's financial information, business records, marketing activities, website analytics, commercial history and the like. (*See id*. at 24-25.)

Following the October 16, 2026 telephone conference, the Court entered an Order the same day reflecting its on-the-record ruling, in which the Court denied as moot Plaintiff's motion insofar as it was addressed to Defendants' interrogatories, granted Plaintiff's motion insofar as it was addressed to Defendants' requests for admission, and granted in part and denied in part Plaintiff's motion insofar as it was addressed to Defendants' document requests. (*See* 10/16/26 Order ¶¶ 1-4.) Plaintiff was ordered to produce documents responsive to the requests as to which Plaintiff's motion was denied within 21 days, *i.e*., by November 6, 2026. (*See id*. ¶ 4.) On October 30, 2026, Plaintiff filed the motion for reconsideration that now is before the Court.[4] (*See* Pl.'s 10/30/26 Ltr. Mot. to MJ Aaron.)

**LEGAL STANDARDS**

"Reconsideration is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Socorro-Prospero v. M. Booth & Assocs*., 23-CV-11319 (AS), 2026 WL 1134854, at *1 (S.D.N.Y. Apr. 27, 2026) (quoting *United States v. Zhu*,

---

[4] It is within a court's discretion to deny a reconsideration motion before opposition papers have been filed. *See Bank v. NFL Props. LLC*, No. 25-CV-03981 (CM), 2025 WL 3090126, at *1 (S.D.N.Y. Nov. 5, 2025). Because the decision on Plaintiff's motion is an obvious one, in order to achieve a more "speedy" and "inexpensive" disposition of this action, *see* Fed. R. Civ. P. 1, the Court is issuing this Opinion and Order without awaiting Defendants' opposition papers.

41 F. Supp. 3d 341, 342 (S.D.N.Y. 2014)). As such, a motion for reconsideration "may be granted only in limited circumstances when the [plaintiff] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Ethridge v. Bell*, 49 F.4th 674, 688 (2d Cir. 2022) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)). The movant bears a heavy burden, as "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

**DISCUSSION**

Plaintiff has not pointed to any controlling decisions or factual matters the Court overlooked that might reasonably be expected to alter the Court's conclusion. In its Letter Motion, Plaintiff argued that the Court overlooked the Second Circuit's 1988 decision in *Banff* and the Third Circuit's 2000 decision in *A & H Sportswear*, which had been relied upon by Plaintiff in its Letter Motion for a protective order. (*See* Pl.'s 10/30/26 Ltr. Mot. to MJ Aaron at 1.) However, neither of these cases are controlling decisions that affect the Court's conclusion. In reaching its conclusion, the Court expressly relied upon a more recent, controlling decision by the Second Circuit in 2022 in *RiseandShine*. (*See* 10/16/26 Tr. at 11, 20.)

Plaintiff argues that *RiseandShine* is currently before the Supreme Court and, according to Plaintiff, it has been argued to the Supreme Court that "the Second Circuit applied a forward confusion framework in violation of *Banff*." (Pl.'s 10/30/26 Ltr. Mot. to MJ Aaron at 2.) Regardless of what currently is being argued before the Supreme Court, *RiseandShine* remains binding on

this Court. "[A] decision of the Second Circuit is binding unless and until its rationale is overruled, implicitly or expressly, by the Supreme Court." *CB v. St. Vincent's Servs., Inc.*, No. 16-CV-02282 (RMB), 2018 WL 1737701, at *4 (S.D.N.Y. Mar. 19, 2018) (cleaned up); *see also Cox v. Dep't of Just.*, 111 F.4th 198, 209 (2d Cir. 2024) ("There is always a chance that a governing precedent might be vacated or overruled in the future. But until it is, no matter the pendency of any petitions for rehearing or for writ of certiorari, [it is controlling legal authority].").

## <u>CONCUSION</u>

For the foregoing reasons, Plaintiff's Letter Motion for reconsideration (ECF No. 94) is DENIED. Nevertheless, the deadline for Plaintiff to produce responsive documents is extended to November 12, 2026 to provide Plaintiff with an opportunity to seek relief from District Judge Carter.[5]

**SO ORDERED.**

Dated: New York, New York
November 1, 2026

STEWART D. AARON
United States Magistrate Judge

[5] The Court notes that there is a conference scheduled before Judge Carter to occur on November 12, 2026. (*See* 10/26/26 Order, ECF No. 91.)