**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **FITS EVERYBODY TO A T, INC.,**<br>**Plaintiff,**<br>**-against-**<br>**SKIMS BODY, INC.,**<br>**Respondent.** | **1:26-cv-2660 (ALC)**<br><br>**ORDER** |

**ANDREW L. CARTER, JR., United States District Judge:**

On February 4, 2026, this matter was referred to United States Magistrate Judge Stewart Aaron for general pretrial and dispositive motion. Dkt. 53. The Court now considers the non-dispositive orders issued by Magistrate Judge Aaron on October 16, 2026, granting in part and denying in part Plaintiff's Motion for Discovery, and November 1, 2026, denying Plaintiff's Motion for Reconsideration. Dkt. 81, 94. For the reasons that follow, Plaintiff's objections are overruled and Judge Aaron's Opinions are **AFFIRMED**.

## PROCEDURAL HISTORY

The parties have raised a discovery dispute regarding Defendant's request for production of certain documents. Magistrate Judge Aaron previously ruled that Plaintiff is not required to respond to the contested RFAs and certain RFPs. Magistrate Judge Aaron did require Plaintiff to respond to some of Defendant's RFPs, including some that relate to Plaintiff's finances. Plaintiff filed a motion for reconsideration of that opinion, ECF No. 94, which Magistrate Judge Aaron denied, ECF No. 96. Plaintiff has filed objections to Judge Aaron's first opinion and his denial of Plaintiff's motion for reconsideration.

Plaintiff's main allegation is that the Magistrate's Opinion, which relies in part on *RiseandShine Corp. v. PepsiCo, Inc.*, 41 F.4th 112 (2d Cir. 2022), is contrary to the Second

Circuit's Opinion in *Banff, Ltd. v. Federated Dep't Stores, Inc.*, 841 F.2d 486 (2d Cir. 1988). Plaintiff appears to object to the Second Circuit's analysis of the strength of the senior user's mark as relevant to the likelihood of confusion inquiry. Judge Aaron, finding the analysis to be directly on point, found that the document requests "are relevant to the claims in this case and proportional to the needs of the case." 10/16/2026 Tr. at 25.

**STANDARD OF REVIEW**

A district judge may designate a magistrate judge to issue orders regarding nondispositive pretrial matters. 28 U.S.C. §§ 636(b)(1)(A). Either "party may serve and file written objections to the order within 14 days after being served with a copy" of the order. Fed. R. Civ. P. 72(a).

A district judge must do a review of any portion of a magistrate judge's order that has been properly objected to for clear error. Fed. R. Civ. P. 72(a). "A party may not assign as error a defect in the order not timely objected to." *Id.* In the absence of objections, however, the Second Circuit has "adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object." *Graves v. Corr. Med. Serv.*, 667 F. App'x 18, 19 (2d Cir. 2016) (summary order) (quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997)) (internal quotation marks omitted); *see also Kilcullen v. New York Dep't of Transpo.*, 55 Fed. Appx. 583, 585 (2d Cir. 2003) ("the failure to object to a magistrate judge's ruling with respect to a non-dispositive motion forfeits the right to any further review of that decision, either by the district court or on appeal").

A magistrate judge's finding is "clearly erroneous if the reviewing court is left with the definite and firm conviction that a mistake has been committed." *R.F.M.A.S., Inc. v. So*, 748 F.

Supp. 2d 244, 248 (S.D.N.Y. 2010) (internal quotation marks omitted) (citing *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)). Similarly, a magistrate judge's finding is "contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (internal quotation marks omitted) (citing *Catskill Dev., LLC v. Park Place Entm't*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)). Therefore, "a magistrate judge's determinations on discovery matters are entitled to substantial deference," *id.* (citing *U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*, No. 04 Civ. 6189(JFK), 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007)), and "the party seeking to overturn such determinations bears a heavy burden," *id.* (citing *Catskill Dev.*, 206 F.R.D. at 86).

## DISCUSSION

Plaintiff raises several objections to Magistrate Judge Aaron's orders. All, or substantially all, appear to be related to Plaintiff's repeated argument that *RiseandShine* does not control. *RiseandShine v. PepsiCo, Inc.*, 41 F.4th 112 (2d Cir. 2022). Despite Plaintiff's multiple objections, *RiseandShine* is binding precedent on this Court, and the Second Circuit's analysis in the case must guide this Court's assessment of relevancy.

### I. *RiseandShine* Provides the Relevant Standard in Reverse Confusion Cases

Plaintiff protests that *RiseandShine* was incorrectly decided, and that the Court is required to follow *Banff*. *See, e.g.*, ECF No. 95, at 2 (arguing that the Second Circuit applied the wrong analytical framework in *RiseandShine*). Plaintiff argues that *Banff* contains "the foundational principles of reverse confusion. *See*, ECF 97 at 6; *see also id.* at 2 ("Courts throughout the Second Circuit continue to cite *Banff* as the foundational authority on reverse confusion."). That may well be true. Still, those "foundational principles" do not supersede the

actual analysis that the Second Circuit has used in both *Banff* and, much more recently, *RiseandShine*.

The Second Circuit in *RiseandShine* was clear that it understood the plaintiff to be asserting "a likelihood of *reverse* confusion." *See RiseandShine*, 41 F.4th at 119 (emphasis in the original). The Opinion then notes that "often the most important factor" in such a case is "the strength of Plaintiff's mark." *Id*. The Second Circuit's opinion then goes on to analyze the "acquired strength" of the mark: "as a factor supporting acquired strength in Plaintiff's mark, the district court noted that Plaintiff 'ha[d] invested more than $17.5 million in promoting its "RISE" marks.'" *Id*. at 124.

More importantly, regarding strength of mark, the *RiseandShine* analysis does not contradict the Second Circuit's Opinion in *Banff*. *See Banff, Ltd. v. Federated Dep't Stores, Inc.*, 841 F.2d 486 (2d Cir. 1988). In *Banff* both the District Court and Second Circuit assessed the strength of the plaintiff's mark. *See Banff*, 841 F.2d at 491 ("We believe the marks should be compared as composites *for the purpose of determining the strength of the senior user's mark*" (emphasis added)); *see id*. at 491-92 ("the finding of the strength of the plaintiff's mark remains intact").

The Court therefore finds no clear error in the Magistrate Judge's opinion relying on the *Polaroid* factors as used in *RiseandShine* and *Banff*.

## II. Plaintiff's Challenge to Magistrate Judge Aaron's Holding Fails

Plaintiff proposes several reasons why *RiseandShine* does not support the Magistrate Judge's opinion, for example: "Rise voluntarily submitted its financial evidence," ECF No. 94 at 2; "There is no passage in [*Tribe of Two*] ordering or approving the kind of financial discovery Defendants seek here," ECF No. 94 at 3; "*RiseandShine* was not a discovery case. The Second

Circuit did not rule on a motion to compel or make any ruling about the relevance or discoverability of a plaintiff's business records," ECF No. 104, at 2; "The *RiseandShine* court never made a ruling about what discovery was relevant or what a plaintiff in a reverse confusion case could be required to disclose," ECF No. 97, at 4. None of Plaintiff's arguments have any bearing on the proper analysis.

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed R. Civ. P. 26(b)(1); *see also Trilegant Corp. v. Sitel Corp*., 272 F.R.D. 360, 363 (S.D.N.Y. 2010) (same). "Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept." *Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004) (citing *A.I.A. Holdings S.A. v. Lehman Bros.*, No. 97CIV.4978(LMM)(HBP), 2000 WL 763848, at *2 (S.D.N.Y. June 12, 2000)). Discovery is only limited when "sought in bad faith, to harass or oppress the party subject to it, when it is irrelevant, or privileged." *Id*. at 106 (internal quotations omitted); *see also In re Six Grand Jury Witnesses*, 979 F.2d 939, 943 (2d Cir. 1992) (same). Defendants move to compel plaintiff Sami Khoury to produce unredacted copies of his bank records. For the reasons set forth below, the motion is granted

The Second Circuit has recognized that "suits for trademark infringement demand a 'comprehensive analysis of all the relevant facts and circumstances.'" *Banff*, 841 F.2d at 487 (quoting *Vitarroz Corp. v. Borden, Inc.*, 644 F.2d 960, 968 (2d Cir. 1981)). There are eight relevant factors for determining whether there is a likelihood of confusion in a trademark infringement case:

> the strength of the [plaintiff's] mark, the degree of similarity between the two marks, the proximity of the products, the likelihood that the prior owner will bridge the gap, actual confusion, and the reciprocal of defendant's good faith in

> adopting its own mark, the quality of defendant's product, and the sophistication of the buyers.

*Banff*, 841 F.2d at 489 (alteration in original) (quoting *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961), cert denied 368 U.S. 820 (1961)).

Magistrate Judge Aaron made two findings that are hard to dispute in light of binding Second Circuit case law: (1) the Plaintiff's mark is the relevant mark for reverse confusion analysis under *Polaroid* factor one, "strength of the plaintiff's mark," *see* 10/16/2026 Tr. at 11; (2) "Plaintiff's financial information, business records, marketing activities, website analytics, [and] commercial history" are relevant to assessing "marketplace strength" under *Polaroid* factor one, *see* ECF No. 96, at 3.

The first finding is supported both by the most recent Second Circuit case to address reverse confusion, *RiseandShine*, and Plaintiff's preferred case. *See RiseandShine*, 41 F.4th at 119 ("often the most important factor" in such a case is "the strength of Plaintiff's mark"), *Banff*, 841 F.2d at 491 ("We believe the marks should be compared as composites *for the purpose of determining the strength of the senior user's mark*" (emphasis added)), *id*. at 491-92 ("the finding of the strength of the plaintiff's mark remains intact"); *see also* 4 McCarthy on Trademarks and Unfair Competition § 23:10 (5th ed.) ("[T]he Second Circuit ... takes the position that in reverse confusion cases, the question of strength is the same as in forward confusion: the senior user must prove that its mark is strong.").

The second finding is supported both by *Tribe of Two, LLC v. Tod's S.p.A.*, No. 23-CV-3255 (JGLC), 2026 WL 1284226, at *10 (S.D.N.Y. May 11, 2026), as Plaintiff points out in her objections, and in longstanding Circuit precedent, *see Car-Freshner Corp. v. American Covers*, 980 F.3d 314, 329 (2d Cir. 2020) ("Acquired distinctiveness, sometimes called secondary

meaning, is determined by analyzing six factors: advertising expenditures, consumer studies linking the mark to a source, unsolicited media coverage of the product, sales success, attempts to plagiarize the mark, and the length and exclusivity of the mark's use." (citing *Centaur Commc'n, Ltd. v. A/S/M Commc'n, Inc.*, 830 F.2d 1217, 1222 (2d Cir. 1987))).

Plaintiff has not provided any binding law that would contradict the support identified by the Magistrate Judge or above. Plaintiff argues that "the petitioner, the Solicitor General, and every other circuit" disagree with the Second Circuit's analysis in *RiseandShine*. ECF No. 97, at 6. Even if that is true, this Court is bound by the Second Circuit's analysis and will apply it.

The Court does not find either ruling to be "contrary to law."

## III. Plaintiff's Remaining Arguments Are Without Merit

Plaintiff argues for the first time in their reply that the discovery is disproportionate under Rule 26(b)(1). ECF No. 104, at 5. It is "well settled in the Second Circuit that a party may not raise an argument for the first time in [their] reply brief." *Kumaran v. Nat'l Future Assoc.*, 2024 WL 2330655, at *2 (S.D.N.Y. May 22, 2024) (citing *Content v. Curran*, 2022 U.S. Dist. LEXIS 179290, at *3 (S.D.N.Y. Sep. 30, 2022)). The Court therefore declines to address Plaintiff's untimely argument regarding proportionality.

Plaintiff also argues that production will cause "[i]rreversible [p]rejudice." ECF No. 94 at 3. As the Court explained at the November 12, 2026, conference, the claimed prejudice—that the Court might consider irrelevant information in conducting merits analysis—does not have any force. The Court is well equipped to conduct the proper merits analysis despite any poor or irrelevant arguments proposed by the parties.

The Court will also briefly address Plaintiff's argument that there "is no acquired distinctiveness inquiry to conduct."[1] ECF No. 97, at 5. While an incontestable mark is *presumed* to be inherently distinctive, "[e]ven an inherently distinctive mark can, in its commercial context, lack strength as a mark." *Nora Beverages, Inc. v. Perrier Grp. of America, Inc.*, 269 F.3d 114, 123 (2d Cir. 2001); *see also*, *Savin Corp. v. Savin Grp.*, 391 F.3d 439, 451 (2d Cir. 2004) ("the District Court was correct to conclude that Plaintiff's marks are entitled to a *presumption* of inherent distinctiveness by virtue of their incontestability" (emphasis added)). This presumption does not end the inquiry, it only shifts the burden to the defendant to rebut the presumption of distinctiveness. *See Lane Capital Management, Inc. v. Lane Capital Management, Inc.*, 192 F.3d 337, 345 (2d Cir. 1999).

## IV. Magistrate Judge Aaron's Discovery Ruling is Given Substantial Deference

Having decided that Magistrate Judge Aaron's relevance determination was correct, the Court turns now to Plaintiff's argument regarding scope. Plaintiff argues that the scope of the ordered discovery exceeds the legal authority cited by Magistrate Judge Aaron. *See* ECF No. 104, at 3. Plaintiff's argument is, at best, overbroad. Surely, sales volume of products sold under the mark is relevant to "sales success"; and "paid search keywords" is similarly relevant to "advertising expenditures." *See id.* at 3-4.[2]

---

[1] Plaintiff also raises an argument that Magistrate Judge Aaron "misapplied *RiseandShine*'s conceptual-strength inquiry as if it were a market-strength ruling." ECF No. 104, at 2. This argument is hard to square with multiple decisions in this Circuit treating "market strength," "acquired distinctiveness," "acquired strength," and "market distinctiveness" as interchangeably referring to the second prong of the first *Polaroid* factor. *See RiseandShine*, 41 F.4th at 124 (understanding "market distinctiveness" as used in the District Court case to be synonymous with "acquired strength"); *Car-Freshner Corp.*, 980 F.3d at 329 ("Acquired distinctiveness"); *Long Island Spirits, Inc. v. LIV Golf Inc.*, No. 26-CV-01710 (JMA) (JMW), 2026 WL 2321613, at *8 (E.D.N.Y. Aug. 5, 2026) ("market strength" and "marketplace strength").

[2] Plaintiff also notes that "Courts in this District have recognized that disclosure of [proprietary and competitively sensitive records] that a protective order alone cannot remedy." ECF No. 104, at 4. Plaintiff does not provide any citation to any such cases. Instead, Plaintiff cites to Fed. R. Civ. P. 26(c)(1)(G) supports the issuance of a protective order when trade secrets are to be produced. *See Radio Music License Comm., Inc. v. Broad. Music, Inc.*, 347 F.R.D. 262, 267 (S.D.N.Y. 2024) ("courts commonly require parties to produce confidential documents; the confidentiality

The Court also notes that "discovery should be broad," *see Stollman v. Williams*, 2022 No. 20CIV8937JPCJW, 2022 WL 1772552, at *4 (S.D.N.Y. June 1, 2022) (citing *Nat'l Cong. for Puerto Rican Rts. v. City of New York,* 194 F.R.D. 88, 92 (S.D.N.Y. 2000)), and "magistrates are afforded broad discretion in resolving discovery disputes," *In re Keurig Green Mountain Single-Serve Coffee*, 336 F.R.D. 400, 403 (S.D.N.Y. 2020) (citing *MASTR Adjustable Rate Mortgs. Tr. 2006-OA2 v. UBS Real Est. Secs. Inc.*, No. 12 CIV. 7322 HB, 2013 WL 6840282, at *1 (S.D.N.Y. Dec. 27, 2013)). Given this "broad discretion," the Court finds no clear error in the Magistrate Judge's determination that "Plaintiff's financial information, business records, marketing activities, website analytics[,] and commercial history," are relevant generally to the strength of Plaintiff's mark, specifically to market or marketplace strength, or even more specifically to sales success, advertising expenditures, exclusivity of the mark's use, or media coverage of the mark. *See* ECF 96, at 2; *see also*, 10/16/2026 Tr. at 11. The Court specifically notes that injury caused by the Defendant's use of the mark might provide context to sales success, and Google analytics data showing audience and foot traffic might bear on whether the parties have an overlapping client base.

**CONCLUSION**

The Court remains optimistic that the parties will not turn "every production request, every objection, and every motion to compel" into a "proxy fight" over the relevant law, *see* ECF No. 104, at 6, and will instead attempt in "good faith" to "resolve the dispute without court action," Fed. R. Civ. Pro. 26(c)(1); *see also Hanna v. American Cruise Lines, Inc.*, No. 3:19-CV-74(CSH), 2019 WL 6770132, at *1, fn.1 (D.Conn. Dec. 12, 2019) ("the additional time and

---

of those documents is protected not by denying access to them, but by entering a protective order to cover them" (internal quotation omitted)); *see id.* (citing to Fed R. Civ. P. 26(c)(1)(G)) (discussing issuing protective orders to cover the production of trade secrets and confidential commercial information).

money expended in discovery motions can be averted if both parties act reasonably and in ‘good faith’ to resolve such issues”).[3]

Plaintiff’s objections as to Magistrate Judge Aaron’s discovery Order, ECF 88, are overruled. The Plaintiff has also objected to the Order denying Motion for Reconsideration, ECF No. 96. Those arguments are without merit and I overrule those objection. Magistrate Judge’s Orders and Opinions are **AFFIRMED**. Plaintiff shall comply with Magistrate Judge Aaron’s discovery Order. The Clerk of Court is respectfully directed to terminate ECF Nos. 95, 97, 104, and 105.

**SO ORDERED**

**Dated: November 18, 2026**
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**

[3] The Court is aware that Defendants filed a letter (ECF No. 107), and Plaintiff responded (ECF No. 108), alleging Plaintiff’s failure to comply with Local Rules. The Court does not address the parties’ submissions in this Order because Defendants request no relief and the parties’ argument does not change the Court’s analysis.